Wilder, J. (dissenting).
 

 I would deny leave to appeal. Not only did defendant fail to preserve the issue of the constitutionality of MCL 600.2963(8), in addition, the case that defendant relies on in his application to the Court,
 
 Burns v. Ohio
 
 ,
 
 360 U.S. 252
 
 ,
 
 79 S.Ct. 1164
 
 ,
 
 3 L.Ed.2d 1209
 
 (1959), involved an appeal in a criminal case, while the instant case involves the ability to bring a subsequent civil action when fees are outstanding for a previous civil action.
 

 Given this Court's remand nevertheless, I would note that, according to the Michigan Department of Corrections website, Mr. Jackson is currently imprisoned at Security Level IV.
 
 [2]
 
 The MDOC security levels range from I to V, and, "[i]n general, the higher the security level, the more security risk a prisoner presents in terms of manageability or escape potential."
 
 [3]
 
 Thus, in my view, when considering whether MCL 600.2963(8) is unconstitutional "as applied" to Mr. Jackson,
 
 [4]
 
 the Court of Appeals should consider all of the relevant facts and circumstances.
 
 [5]
 
 The Legislature has indicated that a prisoner is not prohibited from "commencing a civil action or filing an appeal in a civil action
 
 if
 
 the prisoner has
 
 no assets and no means by which to pay
 
 the initial partial filing fee." MCL 600.2963(7) (emphasis added). However, "the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency."
 
 Id
 
 . As a result, consideration solely of "a certified copy of the prisoner's institutional account balance and 12-month history of deposits and withdrawals" may or may not be conclusive regarding a prisoner's indigency. Indeed, consideration of whether a prisoner has the "means by which to pay" logically contemplates consideration of a prisoner's capacity to earn wages and his or her exercise of that capacity,
 
 [6]
 
 which directly
 implicates the prisoner's ability to satisfy his or her unpaid fees.
 

 Markman, C.J., joins the statement of Wilder, J.
 

 See Michigan Department of Corrections,
 
 Offender Tracking Information System
 
 < http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=748757> (accessed July 28, 2018) [https://perma.cc/SRG4-AJWH].
 

 See Michigan Department of Corrections,
 
 Definitions/Glossary
 
 < https://www.michigan.gov/corrections/0,4551,7-119-1441_1519---,00.html> (accessed July 28, 2018) [https://perma.cc/NU7X-EJSJ] (under entry for "Level I - V prison housing").
 

 "When faced with a claim that application of a statute renders it unconstitutional, the Court must analyze the statute 'as applied' to the particular case."
 
 Crego v. Coleman
 
 ,
 
 463 Mich. 248
 
 , 269,
 
 615 N.W.2d 218
 
 (2000).
 

 Per MDOC Policy Directive 05.02.110, prisoners "shall be assigned to work and/or school ...." Policy Directive 05.02.110(A), available at < https://www.michigan.gov/documents/corrections/05_02_110_225743_7.pdf> (accessed July 28, 2018) [https://perma.cc/9V2Z-BY4X]. Both work and school assignments generally pay prisoners according to a specified scale. MDOC Policy Directive 05.02.110, Policy Statement. However, there are circumstances under which prisoners are deemed "unemployable prisoners." See MDOC Policy Directive 05.01.100(Z), available at < https://www.michigan.gov/documents/corrections/0501100_PD_602177_7.pdf> (accessed July 28, 2018) [https://perma.cc/3UKJ-VNAZ].
 

 In this context, "means" is defined as "available resources, especially for the payment of debt."
 
 Black's Law Dictionary
 
 (8th ed.).